**Petition for Naturalization of Vasilios KOSTAS.**

**No. 8349.**

United States District Court
D. Delaware.

Dec. 19, 1958.

Samuel Handloff, Wilmington, Del., for petitioner.

Herbert M. Levy, U. S. Naturalization Examiner, Philadelphia, Pa., pro se.

LAYTON, District Judge.

Petitioner, a native and citizen of Greece, aged 44 years, was lawfully ad-

mitted to permanent residence on March 14, 1953. On July 31, 1956, he filed a petition for naturalization under Section 319(a) (8 U.S.C.A. § 1430(a)) which provides in effect that any such applicant whose spouse is a United States citizen may be naturalized in three, instead of five,[1] years provided that "during the three years immediately preceding the date of filing his petition [he] has been living in marital union with the citizen spouse, who has been a United States citizen during all of such period * *."

By the provisions of Section 101(f) (8 U.S.C.A. § 1101(f), a person who has given false testimony in order to obtain citizenship shall not be regarded as having good moral character.

In his Form N–400, petitioner stated under oath (1) that his only address since March 1953 was his brother's home at 602 West 31st St., Wilmington, Delaware, (2) that on August 13, 1951, he had married Anne Haley and (3) that he had lived with his wife for the past three years.

In accordance with practice, the Examiner conducted hearings at which testimony was taken. Also a report consisting of an investigation made by a government investigator was admitted into evidence. Upon the strength of the testimony and report the Examiner has recommended that the petitioner not be naturalized because (a) he had not been residing "in marital union" with his wife for a period of three years immediately preceding his petition; and (2) that he has not established that he is a person of good moral character because he gave false testimony in order to obtain citizenship.

■ From a reading of Section 319 (a), it was evidently the Congressional expectation that a non-citizen spouse who lived in close association with a citizen spouse for three years would more speedily absorb the basic concepts of citizenship than one not so situated. Accordingly, for such person the waiting period for filing a petition for naturalization is reduced from five to three years. Plainly, then, the words "in marital union with the citizen spouse" appearing in Section 319(a) should be given a reasonably strict construction in order that the section should lead to an accomplishment of the desired objective. And while a short period of separation such as two weeks should not operate to destroy a petitioner's rights under the section, Petition of Omar, D.C.S.D.N.Y., 151 F.Supp. 763, a close continued marital association is obviously intended.

Further discussion is unnecessary for under the facts here, by no stretch of the imagination can this petitioner meet the requirements of the section. It is altogether clear that this was an uneasy union marked by frequent separations of substantial duration to the extent that it is questionable whether the two spent as much as one entire year together from 1953 to 1956. And this conclusion can be readily arrived at from the testimony of the petitioner's own family, including his wife, without recourse to the rather damning contents of the investigation above mentioned.

■ It is my conclusion that the Examiner's objection to the petitioner's naturalization based upon the provisions of Section 319(a) are well taken and should be sustained.

But whether petitioner should be condemned as a person of bad moral character is again another matter. Certainly, the accusation that he gave false testimony is not entirely without foundation. The City Directory for 1955, showing that petitioner's wife did not live at his address together with the evasive testi-

---

1. Section 316(a) (8 U.S.C.A. § 1427(a) provides as follows:
 "Requirements of nationalization— Residence
 ."No person, except as otherwise provided in this subchapter, shall be naturalized unless such petitioner, (1) immediately preceding the date of filing his petition for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years. * * *."

mony of his sister-in-law and the contradictory evidence of his brother point in that direction. And the investigation which disclosed that petitioner's neighbors regarded him as a single man lends further support to this view. Nor, as he might have,[2] did petitioner insist on a full rehearing before this Court in order to have the opportunity of confronting and cross-examining those persons who furnished the adverse information contained in the report.[3] All this raises the suspicion of falsity. But there are ameliorating factors. For all the government has been able to show, the petitioner has apparently led a quiet, peaceful and hardworking existence while in this country. He has no criminal record, half of the persons who gave information to the investigator declined to reveal their names, he bears a good reputation in this community and, above all, while his testimony was undoubtedly erroneous, the language barrier and ignorance of the technical aspects of this sort of proceeding could well have confused him.

Were it clear that the words "marital union for three years" had been defined to the petitioner as meaning a close, relatively uninterrupted union prior to his swearing that he had lived with his wife for three years, I would reach a different conclusion. But it is possible for a person innocently to give false testimony in the sense that it was unintentionally inaccurate. In view of the severe penalty for false swearing contained in Section 101(f), I would assume it would be the government's burden to demonstrate that such testimony was knowingly false.

For the reasons given above, I am not persuaded that the government has met its burden so clearly as to justify branding this petitioner as a person of bad moral character.

Nevertheless, in order to avoid future trouble, he should take care to adopt a more candid attitude with the Courts and other representatives of the government.

The petition for naturalization is denied upon the ground that this petitioner did not live in marital union with his citizen spouse during the three years immediately preceding the date of filing his petition.

An Order will be entered in accordance with this opinion.

2. Application of Murra, 7 Cir., 163 F.2d 605.

3. The report even though based largely upon hearsay is properly admissible. The fact that it contains hearsay goes to its weight. Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 183 F.2d 467; Petition of W——, D.C.E.D.Pa., 164 F. Supp. 659.